UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA,  )
   Respondent(s),  )  Cause No.:
  )  3:11-cr-01827 KC-6
  Vs.  )
  )  Civil Action No:
  )  EP-14-CV-384-KC-6.
HORACIO LICANO PACHECO,  )
   Movant  )
  )
  )

**DEFENDANT'S REPLY TO GOVERNMENTS RESPONSE TO MOTION UNDER TITLE 28 USC SECTION 2255 TO VACATE SET ASIDE, OR CORRECT SENTENCE**

COMES NOW, Horacio L. Pacheco, hereinafter referred to as Movant, acting in pro se status in the above styled and entitled cause of action and submits the following Traverse to the government's opposition to the Section 2255 motion[1]. This traverse includes and incorporates by reference the factual allegations, verified pursuant to 28 USC § 1746, pursuant to 28 USC §1746, and the legal argument set forth in Mr. Pacheco Section 2255 motion.1.

Movant Pacheco contends in his Section 2255 Motion that counsel rendered ineffective assistance of counsel based on his failure act as an advocate during the sentencing process. As a result his sentence is violative of the Sixth Amendment constitutional right to effective assistance of counsel in the plea and sentencing process as hereinafter more fully appears. Movant Pacheco further submits that his sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel 's hereinafter more fully appears.

---

1. hereinafter be "Government's Response" [page References to Pacheco's Section 2255 motion will be denominated "Section 2255 Motion [page or paragraph]". Unless otherwise indicated, any references to paragraphs in the Section 2255 motion will refer to the numbered paragraphs of the "Statement of Claim" of the motion.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Movant Pacheco generally agrees with the Statement of Facts and Course of Proceedings.

He does submits issue with some of the purported characteristic factors resulting in several unwarranted enhancements to boost the guideline level for the purpose of sentencing.

On July 27, 2011, Movant was charged by Indictment under seal along with 17 other co-defendants. At all times relevant to Movant's Plea and Sentencing, he was represented by Trial Attorney Robert R. Harris of the law Office the Law Office of Robert R. Harris, whose office was located at 521 Texas Avenue, El Paso, Texas 79901.

Movant submits that the verifiable evidence of his involvement was of a short period, in the range of four months, in the eight year in the drug conspiracy. Despite no mention of the use a firearm or the making of a credible threat with a which firearm in the factual statement, which was made part of the plea agreement the Court made findings supporting a two level enhancement under U55u §2Di.i(b)(i) and another two level enhancement under §2D1.1(b)(2). The Court also found that movant did not qualify for a two level deduction under USSC §2Dl.l(b)(16), and went on to erroneously apply another two level enhancement under that guideline provision. The findings increased the movant's period of imprisonment by almost 100 months.

The plea agreement indicated that the only sentencing factors that would be taken into account for enhancement and reduction purposes were "Acceptance of Responsibility" and "Offense Role". (See Exhibit 1 - Movant's Plea Agreement, at pg. 2). Prior to advising Movant to accept the terms of the plea agreement, counsel informed movant that there would be nu guideline enhancement applied to his sentence relating to conduct involving a firearm. Movant's Sworn Affidavit, at ¶12).

At sentencing, counsel 'objected to the enhancements based on the firearm conduct,, but to no avail. Prior to the sentencing evidentiary, hearing, movant informed counsel of two witnesses, Rogelio Macias and Luis government's Serrano, who would contradict evidence the government presented that Movant used a firearm to threaten Macias. (See Movant's Affidavit at p.3). Counsel did not peruse, subpoena, or interview these two witnesses.

2

## ISSUES PRESENTED

1.) MOVANT PACHECO HAS IN FACT AND LAW STATED A PRIMA FACIE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL IN THE PLEA AND SENTENCING PROCESS.

Movant Pacheco submits that he was denied the constitutional right to effective assistance of counsel in the plea and sentencing process as hereinafter more fully appears. Movant Pacheco further submits that his conviction and sentence is violative of her Sixth Amendment constitutional right to effective assistance of counsel in investigation of the facts regarding the consequences of entering a guilty plea as opposed to going to trial, negotiation of the plea, and preparation for sentencing and in the sentencing process as hereinafter more fully appears.

Counsel's omissions as set forth in this traverse were based on an incomplete investigation of the law, and sentencing guidelines relevant to Movant plea, and sentencing processes.

The government also has responded to Movant Pacheco's Section 2255 Motion but addresses the Movant Pacheco claims in principle but not in fact by mischaracterizing his allegations, the record, and the basis of his claim. There is sufficient reason to believe that there is "a reasonable probability" he would have received a lower term of imprisonment if he'd been competently advised during the plea process and adequately represented during the plea and sentencing process.

In the governments brief, their attorney has argued that Movant Pacheco claim of ineffective assistance of counsel in the plea process, and sentencing process should be denied because the affidavit of Attorney Harris contradicts the allegations of Movant. In fact, careful review of both the affidavit of Attorney Harris and the affidavit of Movant Pacheco, supplemented by Affidavit "A" submitted with this traverse demonstrates that, even if believed completely, the affidavit of Attorney Harris does not address much less rebut all material allegations of the affidavit of the Movant.

Based on the foregoing, this Court should find that while the government has submitted the affidavit of Attorney Harris is to attempt to rebut Movant's claim of ineffective assistance of counsel in the plea and sentencing processes.

The affidavit of Counsel does not directly rebut all material allegations of Section 2255 motion and the supplemental affidavit filed with this traverse.

## MATERIAL FACTUAL DISPUTES EXIST IN THIS CASE WHICH MANDATE THE COURT TO GRANT AN EVIDENTIARY HEARING

## COUNSEL'S OTHER ARGUMENTS ARE ADEQUATELY ADDRESSED STATEMENT OF CLAIM AND MEMORANDUM ARE INCORPORATED IN PACHECO'S SECTION 2255 MOTION

## ISSUES PRESENTED

1. Movant was deprived of his sixth amendment right to the effective assistance of counsel where counsel failed to pursue, subpoena and interview two witnesses that would have provided exculpatory testimony negating a judicial finding that movant conduct supported a 4 level guideline enhancement under U. S.S. G. 2d1.(b) (1) and B(2).

2. Movant was deprived of his sixth Amendment right to the effective assistance of counsel where counsel failed to object to the erroneous application of U.S.S.G 2D1.1(b) (16), resulting in a two level increase that was not authorized by that guidline provision.

3. Movant was deprived of his sixth amendment right to the effective assistance of counsel where counsel advised him to accept an ambiguous plea agreement which exposed him to a 4 level enchancement and rendered his guilty plea involuntary.

## ISSUE I

Movant Pacheco restates, repleads, and realleges the facts, pleadings and allegations set forth in her 2255 claim.

1. Movant was deprived of his sixth amendment right to the effective assistance of counsel where counsel failed to pursue, subpoena and interview two witnesses that would have provided exculpatory testimony negating a judicial finding that movant conduct supported a 4 level guideline enhancement under U. S.S. G. 2d1.(b) (1) and B(2).

Under U. S.S. G. 2d1.(b) (1) and B(2).Specific Offense Characteristics;

> (1) If a dangerous weapon (including a firearm) was possessed, increase by **2** levels.
>
> (2) If the defendant used violence, made a credible threat to use violence, or directed the use of violence, increase by **2** levels.

Movant argues that the sentencing enhancements for being an unconstitutional. He raises the claims that because these enhancements relied on facts not alleged in the indictment, not submitted to a jury, not proven beyond a reasonable doubt, and were not plead to by the Movant. The enhancements should be vacated. Counsel could have but did not provide available and persuasive authority in support of argument against the enhancements at sentencing.

In 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The question that <u>Apprendi</u> forces the Court to answer whether "the required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* at 494, 120 S.Ct. 2348.

In general, the government bears the burden of proving, by a preponderance of evidence, the facts necessary to enhance a defendant's offense level under the Sentencing Guidelines. See <u>United States v. Burnett</u>, 16 F.3d 358, 361 (9th Cir.1994).

However, when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction, due process requires that the government prove the facts underlying the enhancement by clear and convincing evidence. See <u>United States v. Jordan</u>, 256 F.3d 922, 926 (9th Cir.2001). Counsel could have but did not provide available and persuasive authority in support of argument against the enhancements that were used to bolster her sentencing guideline level.

Counsel's omissions set forth herein were based on an incomplete investigation of the law relevant to Movant sentencing process. Counsel could have, but failed to investigate relevant case law relevant to all aspects of the offenses surrounding the Movant. On November 30, 2009 in <u>Porter v. McCollum</u>, the US Supreme Court held that failure to investigate mitigating factors prior to sentencing can be a <u>Strickland</u> violation and hence a 6th Amendment violation.

Counsel failed to advocate on the part of the Movant, misadvised and mislead him as to what he reasonable could expect in the range of sentencing, and failed to conduct a sentencing hearing with witnesses to rebut the allegations that were the basis of the enhancements.

Where a defendant's substantial rights are violated, our court retains discretion to correct the reversible plain error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Puckett, 129 S. Ct. at 1429. The substantial disparity between the imposed sentence and the applicable Guidelines range warrants the exercise of our discretion to correct the error. See United States v. Gonzalez-Terrazas, 529 F.3d 293, 299 (5th Cir. 2008) (concluding that the imposition of a sentence that was substantially greater than the Guidelines range affected the defendant's substantial rights and the fairness of the judicial proceedings

## CLAIM II

Movant Pacheco restates, repleads, and realleges the facts, pleadings and allegations set forth in his 2255 claim.

> 1. Movant was deprived of his sixth Amendment right to the effective assistance of counsel where counsel failed to object to the erroneous application of U.S.S.G 2D1.1(b) (16), resulting in a two level increase that was not authorized by that guideline provision. Counsel could have but did not make contemporaneous objection to this error. By failing to do so, Counsel's omissions set forth in this claim were based on an incomplete investigation and knowledge of the law and of the sentencing guidelines which prejudiced Pacheco during the plea and sentencing process

Counsel could have but did not investigate Case law and guideline provisions m which favors launching objections in order to preserve issues, objections must be made to errors. See: Woodfox v. Cain (5th. Cir., 2010), remanding based on Ineffective Assistance due to Counsels failure to make proper objections.

Counsel's omissions set forth in were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsel for the defense of the Pacheco during the plea and sentencing process.

Counsel could have but did not provide available and persuasive authority in support of argument against the 2 level increase under 2d1. The outcome of this

failure prejudiced the Movant by effecting a higher guideline level for the purpose of sentencing.

Counsel's omissions set forth in the record were the result of counsel's abdication of the duty and responsibility to advocate, case and cause during the plea and sentencing process. Pacheco was prejudiced from the unprofessional omissions of counsel, set forth in the record because, absent said omissions, there is a reasonable probability that the outcome of sentencing process would have been different.

Movant Pacheco was prejudiced from the unprofessional omissions of counsel, set forth in this claim because said omissions undermine confidence in the reliability of this process.

## CLAIM III

Movant Pacheco restates, repleads, and realleges the facts, pleadings and allegations set forth in her 2255 claim.

Movant was deprived of his sixth amendment right to the effective assistance of counsel where counsel advised him to accept an ambiguous plea agreement which exposed him to a 4 level enhancement and rendered his guilty plea involuntary. Case law in support of Movant's contentions: United States v. Sanderson, 595 F.2d 1021 (5th Cir. 1979) "It is axiomatic that a guilty plea "lacks the required voluntariness and understanding if entered on advice of counsel that fails to meet the minimum standards of effectiveness derived from" the Sixth Amendment. Trahan v. Estelle, 544 F.2d 1305, 1309 (5th Cir. 1977). In advising an accused whether or not to plead guilty, counsel's duty is to determine if the plea is voluntarily and knowingly made. See: Carbo v. United States, 581 F.2d 91, 93(5th Cir. 1978). Also see: United States v. Giardino, 797 F.2d 30, 32 (1st Cir. 1986) vacated;

Movant was prejudiced by Counsel's failure to understand and effectively advise him with respect to his sentencing exposure and the risks and consequences as part of the Plea Agreement.

The Supreme Court recently confirmed that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. See Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). If it is ineffective assistance to fail to inform a client of a plea bargain, it is equally ineffective to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest. See Boria v. Keane, 99 F.3d 492, 497 (2d Cir.1996) (examining counsel's failure to

advise client of wisdom of accepting a plea). Therefore, [the defendant] will state a claim under the Sixth Amendment if his counsel's] conduct in delaying[the defendant's] plea was "outside the wide range of professionally competent assistance." <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 104 S. Ct. 2052[]. <u>United States v. Leonti</u>, 326 F.3d 1111, 1117 (9th Cir. 2003). performance of his attorney. Section 2255 is the proper venue for raising this claim. (See <u>United States v. Grammas</u>, 376 F3d 433, 439 (5th Cir. 2004).

Movant submits that he has made this showing. Pacheco challenges his sentence on multiple grounds, the basis of which claims of "ineffective assistance of counsel."

Among the reason justifying the Issue of Ineffective of Counsel is evident in the prima facie case he has established regarding counsel's performance. In theory they are the byproduct of the below standard performance by counsel because the issues were not raised previously thereby failing to preserve them for appeal.

Pacheco claims it is clear from the record that there were issues with the representation and that counsel's performance was deficient. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." <u>Harrington v. Richter</u>, 131 S.Ct. 770, 787 (2011) (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984)).

REVIEW STANDARDS

A motion for relief under § 2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" (hereinafter, the "Rules"). The text of § 2255 states that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255 (emphasis added).

Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a 2255 motion should be dismissed only "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) (emphasis added). In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order." The Rules also authorize, where appropriate and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant § 2255 is prescribed by statute:

"If the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment is subject to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

Ineffective assistance of counsel claims are rarely pursued on direct appeal, for the simple reason that they almost always require the development of facts beyond the appellate record. When such claims are raised on direct appeal, "in the vast majority of cases, the undeveloped record on direct appeal will be insufficient for an appellant to satisfy the dual prongs of *Strickland*."

This necessarily means that in pursuing a claim of ineffective assistance of trial counsel, the habeas applicant will *not* have the benefit of a lawyer's previous work, or of a record already adequate to allow him to present his *pro se* arguments meaningfully in an attempt to persuade the habeas court to exercise its discretion to examine the merits. He is effectively on his own as surely as the direct appellant in without the benefit of counsel's knowledge and skill in trying to raise a complex claim in what was realistically the first available judicial forum.

### A. Ruling That The "Facts" Supporting A Claim Of Ineffective Assistance Do Not Include The Norms Of The Legal Profession

In order to assert a claim of ineffective assistance, a prisoner must allege that the attorney's conduct was unreasonable under the prevailing norms of the legal profession. Absent the existence of such norms and an unreasonable deviation there from, there is no basis for a claim of ineffective assistance. As this Court explained in United States v. Loughery, 908 F.2d 1014 (D.C. Cir. 1990), in the ineffective assistance context [t]he proper measure of an attorney's performance is "reasonableness under prevailing professional norms." "Prevailing norms of practice," such as those reflected in the *ABA Standards*, may inform our determination of what is reasonable. Id. at 1018 (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)) (internal citations omitted).

The prevailing norms of the legal profession—like those of other professions—are *facts*. See, e.g. , Williams v. Callahan, 938 F. Supp. 46, 50 (D.D.C.

1996) (claim for legal malpractice based upon ineffective assistance of criminal trial counsel "require[s] the testimony of an expert witness" to establish standard of care for trier of fact); Int'l Tele-Marine Corp. v. Malone & Assocs., Inc., 845 F. Supp. 1427, 1434 (D. Colo. 1994) ("whether an attorney exercised a reasonable degree of care or skill in representing its [sic] client is a question of fact"). See also Leighton Decl. ¶ 71. Nevertheless, Judge Johnson ruled that the norms of the legal profession are not facts, and that a prisoner's lack of knowledge of such norms has no bearing on whether the prisoner knows the facts supporting a claim of ineffective assistance. Pollard, 161 F. Supp. 2d at 10.

A prisoner who does not know that the attorney deviated from norms of the legal profession lacks knowledge of facts necessary to assert a claim of ineffective assistance.

For example, a defendant may be present in the courtroom while his attorney fails to do certain things (e.g., fails to object to a breach of a plea agreement). Frequently, the defendant will be oblivious to that failing, and will remain oblivious until he becomes aware of the fact that the attorney had a duty to perform these tasks. The Supreme Court has observed that "[a] layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance; consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case."

Kimmelman v. Morrison,, 477 U.S. 365, 378 (1986) (emphasis added) (internal citation omitted). See also Nell v. James,, 811 F.2d 100, 105 (2d Cir. 1987) (where counsel had failed to tell the court at suppression hearing that defendant resided in premises and therefore had standing to challenge search, defendant's lack of recognition that counsel had acted ineffectively "is a credible explanation for his failure to present the [ineffective assistance] claim earlier"); Flanagan v. Johnson,, 154 F.3d 196, 199 (5th Cir. 1998) ("The factual predicate of [prisoner's] claim [was] the fact that he was called to testify and did not know," because trial counsel had not informed him, that "he had the right to refuse" to testify; AEDPA's statute began to run when prisoner learned both facts).

Once made aware of the attorney's duties, the defendant has actual knowledge of the facts, and can assert a claim of ineffective assistance. See United States v. Smith,, 101 F. Supp. 2d 332, 347 (W.D. Pa. 2000) (defendant was oblivious to counsel's duty to request adjournment of sentencing; only when he learned that fact years later did AEDPA's statute of limitations begin to run).

The Supreme Court has instructed that ";[f]ederal habeas corpus practice, as reflected by the decisions of this Court, indicates that a court has broad discretion in conditioning a judgment granting habeas relief. Federal courts are authorized, under 28 U.S.C. §; 2243, to dispose of habeas corpus matters `as law and justice require.'"; Hilton v. Braunskill, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (internal quotation marks omitted).

Movant has demonstrated that the government does not rebut all material allegations of his claim To the extent, however, that the factual allegations of . statements have been rebutted by extra-record material, this mandates further factual development in the form of either discovery or an evidentiary hearing as set forth in the 28 U.S C. § 2255, Rule 4 of the Rules Governing Section 2255 Proceedings, and the case law cited above . Pacheco has requested an evidentiary hearing5 to resolve extra-record material factual issues as part of his original Section 2255 motion. He also requested leave of the Court to conduct discovery2 and has renewed that request by motion included with this traverse.

The extra-record facts have now been put in issue by the government's response to Pacheco's Section 2255 motion and Movant has outlined the disputed issues of material fact in this traverse. The disputed issues cannot be determined from either the files or records of this case or from the Court's recollection of events because they occurred outside the courtroom and outside the presence of the Court .

Since both the plain language of 28 US C § 2255 and case law construing this section mandate that the material factual disputes be resolved as part of the Courts determination of the Section 2255 motion, the Court should either grant an evidentiary hearing on the basis of the present record or grant leave to employ the processes of discovery Based on all of the foregoing, this Court should find that material factual disputes exist in this case which mandate the Court to grant an evidentiary hearing.

---

2.See also United States v. Galloway, 56 F.3d 1239, 1240 [n.l] (l0th Cir 1995) (en banc) (A hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief") and Ciak v. United States, 59 F 3d 296, 306-07 (2nd Cir 1995) (District Court should have granted evidentiary hearing because movant "alleged facts, which,. if found to be true, would have entitled him to habeas relief') and Shaw v. United States, 24 F 3d 1040, 1043 (8th Cir 1994) (District Court erred by denying evidentiary hearing on allegations of ineffective assistance of counsel that were neither inadequate on their face nor conclusively refuted by the record) and United States v. Blaylock, 20 F .3d 1458, 1465 (9th Cir 1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" Movant entitled to no relief) and Virgin Islands v. Weatherwax, 20 F3d 572, 573 (3rd Cir 1994) (Movant entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to Movant would entitle him to relief) and United States v. Magini, 973 F.2d 261, 264-65 (4th Cir 1992) (Movant entitled to evidentiary hearing when motion presented colorable claim and material facts beyond the record are in dispute) and Federal Habeas Corpus Practice and Procedure, § 41 5b [n 9], § 41 6d [n 10-13] (3rd Ed.1998 (same).Where a case presents extra record material factual issues which turn upon a credibility determination of the witnesses, such as where opposing affidavits are submitted, the District Court cannot make the credibility determination by simply choosing between the affidavits without an evidentiary hearing. Daniels v. United States, 54 F 3d 290 (7th Cir 1995); Castillo v. United States, 34 F 3d 443, 445 (7th Cir 1994) ("[A] determination of credibility cannot be made on the basis of an affidavit "); United States v. Stuffle, (4th Cir. 1997.

## CONCLUSION

Based on all of the foregoing, Movant Pacheco respectfully asks this Honorable Court to:

A) Find that the government opposition to her Section 2255 motion is not well taken; and,

B) Order an evidentiary hearing as set forth and requested in his Section 2255 motion so that he can prove his case.

Respectfully Submitted,

This 25 day of May, 2015

*Horacio Licano Pacheco*
Horacio Licano Pacheco
Pro se
Fed. Reg. No: 81458-280
FCI HERLONG
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 800
HERLONG, CA 96113

# CERTIFICATE OF SERVICE

HORACIO L. PACHECO, Defendant, in the foregoing action state that on this 25 day of May, 2015, I have caused to be served a true and correct copy of the following;

### REPLY TO GOVERNMENT'S RESPONSE
### TO MOTION UNDER TITLE 28 USC SECTION 2255

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston v. Lack</u> 101 L.Ed. 2d 245 (1988), upon the court and parties to litigation and their attorneys of record, by placing same in a sealed, prepaid envelope with sufficient postage attached thereto to carry same to its destination, addressed to:

Stephen Gregory Garcia
Assistant U.S. Attorney
700 E. San Antonio Street
Suite 200
El Paso, TX 79901

and deposited same in the legal mail deposit box at the FEDERAL CORRECTIONAL INSTITUTION, HERLONG -P.O. BOX 800-HERLONG, CA 96113

I have read the foregoing and state the facts under personal knowledge are true and correct.

Executed this 25 day of May 2015, under penalty of perjury pursuant to Title 28 U.S.C. Section 1746.

Horacio Licano Pacheco
Pro se
Fed. Reg. No: 81458-280
FCI HERLONG
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 800
HERLONG, CA 96113



Movant's Exhibit "A" Pg 1 of 2

Affidavit

State of Texas

County of El Paso

The lawyer Robert Harris received us in his office more than ten times, which is Dunia R. Licano, Alexia Licano, Mario Rodriguez and Rosalina Pacheco so that we could talk about my husband's case.

My husband had the firm decision to go to a jury trial but Robert Harris supposedly said that by doing that it would add more time to his sentence, the district attorney Kaplan needed for Horacio Licano Pacheco to cooperate so that way he could have a minimum sentence. The Lawyer R. Harris lied by saying that it would be better if we went to a jury trial, but he actually forced Horaccio Licano Pacheco to sign a plea agreement with lies (exhibit No. A case No. EP11CR1827_KC6) affidavit.

Robert Harris never told us or Horacio Licano Pacheco that they would put charged towards the fire arm, until we found out after the plea agreement, the PSR came in and we complained to Robert Harris for not telling us about the fire arm charges and we pressured him to make an objection to the PSR as soon as possible.

We asked Robert Harris that if he could take Rogelio Macias, Luis Serrano and Armando Garcia to the evidence hearing so that way he could testify about the firer arm and the threat. The lawyer Robert Harris said that he had already filled in papers so that he could bring the three convicts that my husband asked for, but he never brought Rogelio Macias, or Luis Serrano, being said that we asked for them, he lies.

Robert Harris said that in the discovery there is various calls between Luis Serrano and Horacio Licano Pacheco and that they saw each other in a Big 8 Supermarket, the lawyer R. Harris lied due to the affidavit that he did (Government exhibit No. A case No. EP11CR1827KC6) he says that Luis Serrano does not know Horacio Licano Pacheco.

Therefore, I want to clarify that my husband Horacio Licano Pacheco did want to go to a jury trial but Robert Harris always stopped us.


pg 2 of 2 Exhibit

I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 25th day of February, 2015

_____
Mario Rodriguez Villava

_____
Dunia R. Licano

_____
Alexia Licano

_____
Rosalina Pacheco Jimenez

Acknowledgement

State of Texas

County of El Paso

Before me, the undersigned authority, in and for said county, Texas, on this day personally appeared <u>Mario Rodriguez Villalva</u>, <u>Dunia R. Licano</u>, <u>Alexia Licano</u>, <u>Rosalina Pacheco Jimenez</u>. Known to me to be the person who's name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration there in expressed.

Given under my hand and seal of office, this 25th day of February, 2015

_____
Notary Public's Signature

_Israel M. Hernandez_
Notary Name

Notary Public in and for the State of Texas

My Commission Expires: March 19, 2017

ISRAEL MOISES HERNANDEZ
Notary Public, State of Texas
My Commission Expires
March 19, 2017